UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

ELIZABETH LANGER a/k/a ELIZABETH FRANKEL,

        Plaintiff,

-against-

THE COUNTY OF SUFFOLK, JANE DOE 1 and JANE DOE 2,

        Defendants.

------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 10 2015 ★

LONG ISLAND OFFICE

COMPLAINT

JURY TRIAL DEMANDED

CV-15 0668

SEYBERT, J

BROWN, M. J.

## COMPLAINT

Plaintiff, ELIZABETH LANGER a/k/a ELIZABETH FRANKEL, by her attorney, CHRISTOPHER S. OLSON, ESQ., sets forth her complaint and alleges as follows:

### JURISDICTION AND VENUE

1. This Complaint seeks, inter alia, damages pursuant to 42 U.S.C.A. § 1983 to remedy the deprivation, under color of state law, of rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. This cause of action arose on April 9, 2014 in The State of New York, County of Suffolk, Eastern District. Therefore, venue is proper in the United States District Court, Eastern District of New York under 28 U.S.C. Section 1391 (b).

3. That at all times hereinafter mentioned, the Plaintiff was and still is a resident of the County of Suffolk and State of New York.

4.      That all times herein mentioned, the Defendant, THE COUNTY OF SUFFOLK was and still is a body corporate with the power to sue and be sued in all courts.

5.      Upon information and belief, that at all times hereinafter mentioned, the Defendant, THE COUNTY OF SUFFOLK was and still is a municipal corporation duly organized and existing under the laws of the State of New York.

6.      Upon information and belief, that at all times hereinafter mentioned, that due to the neglect of duty, lack of care, deviation from good and accepted standards of medical practice, negligence and carelessness of the Defendant, and deliberate indifference by the Defendants to the serious medical needs of the Plaintiff, THE COUNTY OF SUFFOLK, its servants, agents and/or employees, in the ownership, operation, maintenance and control of Suffolk County Correctional Facility, caused the Plaintiff, ELIZABETH LANGER a/k/a ELIZABETH FRANKEL to sustain severe and serious personal injuries.

7.      That on or about the 12th day of June, 2014, and within ninety days after the claim herein sued upon arose, Plaintiff caused a Notice of Claim in writing sworn to by the claimant to be served upon the Defendant, THE COUNTY OF SUFFOLK and on or about the 1st day of October, 2014 the Plaintiff caused an Amended Final Notice of Claim in writing sworn to by the claimant to be served upon the Defendant, THE COUNTY OF SUFFOLK by delivering a copy thereof in triplicate to the office of the SUFFOLK COUNTY ATTORNEY, a duly authorized agent of Defendant, THE COUNTY OF SUFFOLK, which said Notice of Claim and Amended Final Notice of Claim set forth the name and post-office address of the Claimant and her attorney, the nature of the claim, the time when, the place where and the manner in which the claim arose and the items of damage or injuries claimed to have been sustained so far as practicable.

8.      That this action was not commenced to recover upon or enforce said claim until the expiration of thirty (30) days since the service of such notice.

9. That the Defendants have neglected to make adjustment or payment of said claim.

10. This action was commenced within one year and ninety days after the happening of the event upon which said claim is based.

## THE PARTIES

11. Plaintiff, ELIZABETH LANGER a/k/a ELIZABETH FRANKEL, is, and was at all times mentioned herein, an adult citizen of the United States and a resident of the County of Suffolk, State of New York.

12. Defendant, County of Suffolk, is a body politic and corporate, duly organized and existing under the laws of the State of New York and pursuant to law is capable of being sued in this Court.

13. At all times herein mentioned, Defendant JANE DOE 1, is sued in her individual capacity and also in her official capacity as a medical professional employed by the COUNTY OF SUFFOLK, Suffolk County Correctional Facility, whose name and identity remains unknown at this time, and at all the times mentioned herein, an adult citizen of the United States and a resident of the State of New York and as such was endowed with responsibility regarding the provision of health and medical services to persons in the custody of the Suffolk County Correctional Facility and was charged with responsibility to ensure that all prisoners under her jurisdiction received timely and proper medical treatment.

14. At all times herein mentioned, Defendant JANE DOE 2, is sued in her individual capacity and also in her official capacity as a medical professional employed by the Infirmary of the Suffolk County Correctional Facility, whose name and identity remains unknown at this time, and at all the times mentioned herein, an adult citizen of

the United States and a resident of the State of New York and as such was endowed with responsibility regarding the provision of health and medical services to persons in the custody of the Suffolk County Correctional Facility and was charged with responsibility to ensure that all prisoners under her jurisdiction received timely and proper medical treatment.

15. Plaintiff sues all Defendants in their individual and official capacities.

16. At all times herein mentioned, Defendants acted under the color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of New York and County of Suffolk and the United States of America.

## STATEMENT OF FACTS

17. From March 26, 2014 to May 2, 2014, Plaintiff was incarcerated at the Suffolk County Correctional Facility pursuant to order of the Criminal Court of the County of Suffolk after having pleading guilty of a charge of driving with a suspended license.

18. On April 9, 2014 at approximately 6:00 A.M., while the Plaintiff was incarcerated in the Suffolk County Correctional Facility located in Riverhead, New York, more specifically in POD 1ES at the stairwell which is situated in front of the showers, said Plaintiff sustained serious personal bodily injuries.

19. That as a result of the aforesaid occurrence Plaintiff sustained a severely comminuted calcaneal fracture of the right foot which was revealed by x-rays taken at Peconic Bay Medical Center in Riverhead, New York on April 9, 2014 after which the Plaintiff was returned to Suffolk County Correctional Facility without the required medical

treatment on the same date despite the fact the surgery was necessary and ordered by Peconic Bay Medical Center.

20. Despite numerous requests by the Plaintiff for orthopedic care with an area doctor at the recommendation of Peconic Bay Medical Center, she remained incarcerated and was denied that care. The failure to provide the required care to the Plaintiff constituted deliberate indifference to the serious medical needs of the Plaintiff and a departure from good and accepted medical standards on the part of all named Defendants known and unknown.

21. After her release from Suffolk County Correctional Facility, on May 13, 2014 Plaintiff presented to Edward C. Kormylo, D.P.M., six weeks after the injury was sustained, and was thereafter admitted to Brookhaven Memorial Hospital where she underwent open reduction and internal fixation of the calcaneal fracture with severe comminution and osseous destruction due to weight-bearing for a period of six weeks after the date of injury and was required to undergo eight surgeries due to complications as a result of the delay in treatment and infections.

### SUPPLEMENTAL STATE LAW CLAIMS
### FOR MEDICAL MALPRACTICE

22. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1. through 21. as if more fully set forth herein.

23. That on or about April 9, 2014, personal injuries were sustained by Plaintiff ELIZABETH LANGER a/k/a ELIZABETH FRANKEL, while she was incarcerated in the Suffolk County Correction Facility located in Riverhead, New York as a result of the

neglect of duty, lack of care, negligence and carelessness of the Defendants, THE COUNTY OF SUFFOLK, its servants, agents and/or employees in the ownership, operation, maintenance and control of the said Suffolk County Correction Facility as well as the result of failure to provide the necessary medical care the Plaintiff required while she was an inmate in said correctional facility which deviated from good and accepted medical practice standards as they existed at that time in that the Plaintiff required immediate surgical intervention for a severely comminuted fracture of the right foot and changes of dressing to avoid infection which medical care was not provided for the substantial period of time while the Plaintiff was incarcerated and Plaintiff was only able to seek and receive medical care after her discharge on May 2, 2014 from the aforesaid Suffolk County Correction Facility.

24. As a result of the foregoing, Plaintiff was deprived of the necessary medical treatment during the period of her incarceration and suffers severe and serious personal injuries, psychological injury and distress, great humiliation and was so otherwise damaged.

## CLAIM FOR RELIEF

25. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1. through 24. as if more fully set forth herein.

26. Each of the Defendants demonstrated deliberate indifference to Plaintiff's serious medical needs.

27. The actions of Defendants set forth above violated Plaintiff's rights secured by the Eighth and Fourteenth Amendments to the United States Constitution.

28. Plaintiff makes claim against all Defendants for Medical Malpractice.

29. Defendants' misconduct directly and proximately caused Plaintiff to suffer injury, including bodily injury, pain and suffering, shock, extreme emotional distress and humiliation.

## PRAYER

Wherefore, Plaintiff prays for the entry of judgment against the defendants jointly and severally for compensatory damages in the amount of Ten Million ($10,000,000.00) Dollars; for an award of punitive and exemplary damages against each individual Defendant jointly and severally in the amount of Ten Million ($10,000,000.00) Dollars; for costs and expenses and attorney's fees pursuant to 42 U.S.C. §1988, and such other and further relief as to the Court may deem just and proper.

Dated: Huntington, New York
January 24, 2015

CHRISTOPHER S. OLSON, ESQ.
Attorney for Plaintiff
434 New York Avenue
Huntington, New York 11743
631-423-0001

## VERIFICATION

STATE OF NEW YORK}
                        SS:
COUNTY OF SUFFOLK}

**ELIZABETH LANGER a/k/a ELIZABETH FRANKEL**, being duly sworn, deposes and says:

Deponent is the Plaintiff in the within action; deponent has read the foregoing **Complaint** and knows the contents thereof, the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters deponent believes it to be true.

*[signature]*
ELIZABETH LANGER a/k/a ELIZABETH FRANKEL

Sworn to before me this
24 day of January, ~~2010~~ 2015

*[signature]*
Notary Public

MARIE CURTI
Notary Public, State of New York
No. 01CU5011518
Qualified in Suffolk County
Commission Expires April 19, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ELIZABETH LANGER a/k/a ELIZABETH FRANKEL,

                Plaintiff,                CERTIFICATE OF MERIT

    -against-

THE COUNTY OF SUFFOLK, JANE DOE 1 and JANE DOE 2,

                Defendants.

---------------------------------------------------------------X

        Certificate of Merit pursuant to Section 3012-a of the Civil Practice Law and Rules.

        The undersigned has reviewed the facts of the case and has consulted with a physician who is licensed to practice in this state and who the undersigned reasonably believes is knowledgeable in the relevant issues involved in this action and that the undersigned has concluded on the basis of such review and consultation that there is reasonable basis for the commencement of such action as against the Defendants.

Dated:   Huntington, New York
            January 24, 2015

                                                CHRISTOPHER S. OLSON, ESQ.
                                                Attorney for Plaintiff
                                                Office and P. O. Address
                                                434 New York Avenue
                                                Huntington, New York 11743
                                                631-423-0001